# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **TERRY R. LEWIS** | * | **CIVIL ACTION NO.  07-0092** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CITY OF RUSTON, LOUISIANA, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge are cross-motions [doc. #s 34 & 40] to strike portions of affidavits and exhibits submitted by the parties in conjunction with defendants' pending motion for summary judgment [doc. # 23].[1]  For reasons stated below, the motions to strike [doc. #s 34 & 40] are **GRANTED IN PART** and **DENIED IN PART**.

### Relevant Background

On January 18, 2007, Terry R. Lewis filed the instant suit against the City of Ruston and Mayor Dan Hollingsworth.  The complaint seeks relief against defendants for their alleged discriminatory conduct under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  On December 14, 2007, defendants filed a motion for summary judgment seeking dismissal of plaintiffs' claims in their entirety. [doc. # 23].  Defendants submitted more than 50 exhibits in support of their motion.  *Id*.  On January 3, 2008, plaintiff filed his opposition to the motion for

---

[1]  As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

summary judgment, together with numerous exhibits. [doc. # 33].  On January 9, 2008, defendants filed the instant motion to strike portions of affidavits and exhibits attached to plaintiff's opposition. [doc. # 34].  On January 28, 2008, plaintiff reciprocated with his own motion to strike portions of defendants' affidavits and exhibits submitted in support of defendants' motion for summary judgment. [doc. # 40].  Following a delay for briefing, the motions to strike are now before the court.

## Analysis

Affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed.R.Civ.P. 56(e) (in pertinent part).  While an affidavit need not contain an explicit statement that it is based upon personal knowledge, it must include sufficient factual support to establish that the affiant possesses the requisite knowledge.  *Thomas v. Atmos Energy Corp.*, 223 Fed. Appx. 369 (5th Cir. 2007) (unpubl.) (citing *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995)).  Furthermore, courts cannot consider hearsay evidence contained within affidavits and depositions.  *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

## I. Defendants' Motion to Strike

### a) Affidavit of Terry Lewis; Pl. Exh. A[2]

Defendants seek to exclude various portions of plaintiff's affidavit.  The court addresses the challenged paragraphs, in turn.

**11.    That as the Chief Training Officer for the past thirteen (13) years, Affiant has trained numerous White fire department**

---

[2]  Unless otherwise noted, exhibits reference attachments to the parties' respective memoranda on the underlying motion for summary judgment.

> **members who have been promoted to various positions throughout the department, and many of the employees have less experience, are less qualified, and have fewer years of service than Affiant.**

Defendants object to the statement on the basis that Lewis did not identify the referenced persons or establish how he obtained personal knowledge of the statement.  Defendants further contend that the statement is irrelevant because there is no indication that the mayor was responsible for these promotions.  Although lacking in specificity, the undersigned finds that Lewis would have been in a position to personally know whether persons he had trained had been promoted within the department.  Moreover, even though the statement is irrelevant to his failure to hire claim, it is relevant to whether he was properly performing his duties as training officer – an issue related to his retaliation claim.  Accordingly, defendants' motion to strike paragraph 11 is denied.

> **15.    That the Mayor has knowledge of and condones Tornabene's acts of retaliation against Affiant.**

Defendants object to the statement because plaintiff does not establish how he obtained personal knowledge of this alleged fact.  Plaintiff argues that the mayor was aware that a professional engineer had been consulted to assess damage to the burn building.  However, plaintiff does not address how he purported to know that the mayor was aware of, and condoned other alleged acts of retaliation.  Accordingly, the motion to strike paragraph 15 is granted in part, save to the extent that the statement addresses plaintiff's retaliation claim stemming from damage to the burn building.

> **16.    That there have been other acts of retaliation against Affiant but he chose not to file charges because he believed his efforts would be fruitless;**

Defendants contend that this statement contradicts plaintiff's deposition testimony.  Plaintiff

3

stated in his deposition that he did not file charges regarding other acts of retaliation because they were either not in line with the initial charge or were not serious enough to warrant a charge. (Terry Lewis Depo., pgs. 13, 177; Pl. Exhs. A & B).  Plaintiff's affidavit does not necessarily conflict with, or impeach his deposition testimony.  *See, S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996).  Defendants' motion to strike paragraph 16 is denied.

> **17.    That Defendants were aware of many of Affiant's filings prior to the actual acts of filing with the EEOC.**

Defendants argue that plaintiff offered no explanation to establish that he had personal knowledge of this allegation.  In his response to defendants' motion to strike, Lewis stated that he believed that someone read his EEOC documents before he could file them.  (Opp. Memo., pg. 5).  However, allegations based upon an affiant's "belief" do not suffice.  *Thomas, supra*.  Defendants' motion to strike paragraph 17 is granted.

> **32.    That Dennis Ford had conducted a live burn at the burn tower the day before Affiant;**

> **33.    That Dennis Ford's fire traveled upstairs, which signifies greater damage;**

Defendants object to these statements on the basis that plaintiff failed to establish how he obtained the requisite personal knowledge.  In opposition, plaintiff's counsel stated that a parish firefighter told plaintiff.  (Opp. Memo., pgs. 5-6).  However, statements by counsel do not constitute evidence, and thus cannot remedy an otherwise deficient affidavit.  *See generally, Skyline Corp. v. N.L.R.B.,* 613 F.2d 1328, 1337 (5th Cir. 1980).  Moreover, the statements constitute inadmissible hearsay and are further excludable on that basis.  Fed.R.Evid. 801-802; *Martin, supra*.  Defendants' motion to strike paragraphs 32-33 is granted.

**35.    That Affiant did not know that a final report had been issued
to the Mayor until the Defendants' attorney produced it in
support of Defendants' motion for summary judgment.**

**36.    That the report from the professional engineer, James H.
Henry, had not been produced when Affiant's counsel
requested documents.**

Defendants contend that these statements are inaccurate.  Defendants attached to their motion to

strike an affidavit from counsel averring that defense counsel sent the James H. Henry report to

plaintiff's counsel on November 29, 2007.  (Defs. Exh. 52).  Supporting evidence indicates that

documents were sent via facsimile to plaintiff's counsel on November 29, 2007, and that

plaintiff's counsel received a Federal Express package from defendants on November 30, 2007.

(Defs. Exhs. 52-1-3).  However, defendants' evidence does not change the fact that plaintiff

himself may not have been aware of the report until he reviewed defendants' motion for

summary judgment.  Defendants' memorandum does not address whether the report was timely

produced.[3]  Accordingly, defendants' motion to strike paragraphs 35 and 36 is denied.

**39.    That none of the plans presented to Defendants by Tornabene
which Defendants now tout to justify hiring Tornabene have
been implemented or implemented with any measure of
success.**

Defendants object to the statement because it is not specific and because it is irrelevant.

Fed.R.Evid. 402.  The undersigned agrees that the statement is irrelevant and should be stricken.

*See, Thomas, supra*.  Plaintiff does not dispute that Tornabene told the hiring committee that he

intended to implement proposed plans or changes.  That Tornabene's plans ultimately proved

unsuccessful does not undermine his proposals as a legitimate basis for his hiring.  Defendants'

---

[3]  *But see*, discussion, *infra*.

5

motion to strike paragraph 39 is granted.

> **40.   That no fire chief prior to 2005 had earned a college degree in
> any area of study.**

Defendants object to this statement because plaintiff did not establish that he had personal

knowledge of the allegation and because it is irrelevant.  Fed.R.Evid. 402.  The undersigned

agrees that the statement is irrelevant because there is no indication that the decision to hire

Tornabene instead of plaintiff turned upon whether they had college degrees.[4]  Defendants'

motion to strike paragraph 40 is granted.

> **41.   That after his tenure as Interim Fire Chief, Affiant, along with
> a White candidate, was presented to the Board of Aldermen by
> former Mayor Hilda Taylor Perritt and a White Alderman,
> Jedd Lewis stated the Board would consider the White
> candidate, and a vote of 2-2-1 resulted, with the circumstances
> being eerily similar to those endured during the 2004
> application and hiring process for fire chief.**

Defendants object on the basis of relevancy and plaintiff's failure to establish personal

knowledge of these events.  In his opposition memorandum, plaintiff's counsel stated that

plaintiff was aware of these events because he was present at the meeting.  (Opp. Memo., pg. 8).

However, plaintiff's explication was not provided via a sworn affidavit, and statements by

counsel do not constitute evidence.  *Skyline Corp., supra*.  Moreover, the actions and

recommendations of a previous mayor are not relevant to the hiring recommendation of the

mayor at issue.  Defendants' motion to strike paragraph 41 is granted.

> **b) <u>Affidavit of Harvey Davis; Pl. Exh. B</u>**

Defendants seek to exclude various portions of Harvey Davis's affidavit.  The court

---

[4]  Plaintiff had a college degree in pre-law, and Tornabene had a degree in fire safety.  (Pl.
Exh. G).

addresses the challenged paragraphs, in turn.

**3.     That Tornabene threatened legal action if he were not granted an interview.**

Defendants object to this statement because Davis did not explain how he became personally aware of this information; if it came from another source, then it constitutes inadmissible hearsay.  In his opposition memorandum, plaintiff's counsel represented that Chief Harrell Pipes told affiant this information and that Chief Pipes is unavailable.  (Pl. Opp. Memo., pg. 9).  Although the explanation proffered by counsel is facially curative, it was not provided by the affiant in his affidavit, and statements by counsel do not constitute evidence.  *Skyline Corp., supra.*  Moreover, even if Pipes is unavailable as a witness, plaintiff did not establish that Pipes's statement meets any of the 804(b) requirements for the unavailability exception.  *See*, Fed.R.Evid. 804(b).  Defendants' motion to strike paragraph three of Davis's affidavit is granted.

**4.     That before the competitive examination was given and prior to the start of interviews, the Mayor said there will be no Black, woman or union member hired as fire chief.**

**5.     That the Mayor said he was not going to have his town turned into another Richwood.**

Defendants seek to strike these statements because the affiant did not establish requisite personal knowledge.  Defendants further contend that if affiant heard these alleged comments from someone else, then they constitute inadmissible hearsay under Federal Rule of Evidence 802.  In opposition, plaintiff's counsel argues that based upon Davis's experience and observations over the years, he could have reasonably concluded that the city administration was not going to select any Blacks, women, or union members.  (Opp. Memo., pg. 9)  However, Davis did not opine that the city was not going to hire anyone from the foregoing classes, he averred that the Mayor

"said" those things.  Counsel's argument does not explain how Davis came to know that the mayor actually uttered these statements.[5]  Accordingly, the motion to strike paragraphs four and five is granted.

> **9.**     **That Tornabene is inexperienced in fire service, and his inexperience has jeopardized the protection of the City.**
>
> **10.**   **That in Affiant's 33 years of experience, it was not until Tornabene became chief that fire stations have been closed for days at a time.**

Defendants seek to strike these statement on the basis that they are irrelevant and immaterial to plaintiff's claims.  The undersigned agrees.  There is no evidence that the hiring committee was aware that Tornabene was inexperienced in fire service or that he would purportedly close fire stations after he became chief.  The Louisiana state courts have already determined that Tornabene was eminently qualified for the fire chief position.  *Smith v. Ruston Fire and Police Civil Service Bd.*, 939 So.2d 586, 588 (La. App. 2d Cir. 2006); *see*, discussion, *infra*.

Defendants' motion to strike paragraphs nine and ten is granted.  Fed.R.Evid. 402.

> **11.**   **That although Terry Lewis' lunch schedule was changed, Tornabene, Jo Ann Barr (Tornabene's secretary) and then-Assistant Chief Alvin Norman would go to lunch and return as they chose.**
>
> **12.**   **That the only employees in administration who had designated lunch schedules were Black – Terry Lewis and Jerry Lewis.**
>
> **16.**   **That Tornabene suggested combing [sic] the two positions to get rid of the Black guys – Terry Lewis and Jerry Lewis.**
>
> **19.**   **That Tornabene is prejudice [sic] against Black people.**

---

[5]  Of course, even if counsel had so explained, statements by counsel do not constitute evidence.  *Skyline Corp., supra*.

8

**27.     That Terry Lewis was more than qualified to be fire chief.**

**28.     That Terry Lewis is more qualified that [sic] James Tornabene.**

**32.     That Terry Lewis was not selected because he is Black, and Terry Lewis has experienced several acts of retaliation from Tornabene.**

Defendants challenge the above paragraphs on the basis that affiant did not establish that he had personal knowledge of the statements and/or that they are conclusory.  In opposition, plaintiff's counsel explained that affiant personally heard racist comments made by Tornabene.  Again, however, the explanation proffered by counsel was not provided by the affiant in his affidavit, and statements by counsel do not constitute evidence.  *Skyline Corp., supra*.  Moreover, the lunch schedules of the Chief, assistant chief, and the secretary are not relevant to plaintiff's claims, because there is no evidence that these persons were similarly situated to plaintiff and his cousin, Jerry Lewis.  Finally, paragraphs 27, 28, and 32 are conclusory and thus do not suffice to support or defeat a motion for summary judgment.  *Galindo v. Precision American Corp.*, 754, F.2d 1212, 1216 (5th Cir. 1985).  Paragraphs 11, 12, 16, 19, 27, 28, & 32 are stricken.

**c)   Affidavit of Ricky Phillips; Pl. Exh. C**

Defendants seek to exclude various portions of Ricky Phillips' affidavit.  The court addresses the challenged paragraphs, in turn.

**2.     That Terry Lewis was more qualified than James Tornabene;**

Defendants object to this statement on the basis that it is conclusory and not based on personal knowledge.  The undersigned agrees; the paragraph is stricken.  *See, Galindo, supra*.[6]

---

[6]  Insofar as plaintiff's counsel attempted to explain the basis for the affiant's knowledge, the explanation was not provided by the affiant in his affidavit, and statements by counsel do not constitute evidence.  *Skyline Corp., supra*.

> **4.** That because a previous Black fire chief (Van McDonald) had been accused of wrongdoing, Mayor Hollingsworth let it be known that he was determined not to appoint another Black person as fire chief.

Defendants contend that the affiant did not provide sufficient information to demonstrate that he had personal knowledge of the statement.  Additionally, to the extent the affiant heard the statement from another party, it constitutes inadmissible hearsay.  Fed.R.Evid. 802.  The motion to strike paragraph four is granted.

> **5.** That Tornabene's application had been thrown out at least twice;
>
> **6.** That Byron Johnson withdrew from consideration for the fire chief position because he said he could not work for the Mayor;
>
> **7.** That it was not until Byron Johnson withdrew that Tornabene became a candidate;
>
> **8.** That Terry Lewis was a finalist with Byron Johnson.

Defendants object to these statements on the basis that affiant did not have personal knowledge of the allegations, and that he could only have heard these allegations secondhand thus rendering them inadmissible hearsay under Federal Rule of Evidence 802.  Again, plaintiff's counsel explained how affiant purportedly came to know these statements.  (Opp. Memo., pg. 11).  However, this explanation is not provided in Phillips' affidavit, and statements by counsel do not constitute evidence.  *Skyline Corp., supra*.  Moreover, plaintiff did not establish how these statements circumvent defendants' hearsay objection.  Fed.R.Evid. 802.  Accordingly, defendants' motion to strike paragraphs five through eight is granted.

> **13.** That Terry Lewis was more qualified to become fire chief.

10

> 15.   That Terry Lewis was not selected to be fire chief because of
>        his skin color – because he is Black.

The foregoing paragraphs are conclusory and are therefore stricken.  *Galindo, supra*.

### d) Newspaper Articles; Pl. Exhs. F, I, & O

Newspaper articles constitute inadmissible hearsay.  *Roberts v. City of Shreveport*,  397

F.3d 287, 295 (5th Cir. 2005); *Dallas County v. Commercial Union Assur. Co.*, 286 F.2d 388, 392

(5th Cir. 1961).  As with most rules there are exceptions.  However, plaintiff did not establish that

the newspapers articles qualify under any exception within the now codified Federal Rules of

Evidence.  *Contrast*, *Dallas County, supra* (a pre-Federal Rules of Evidence decision).

Accordingly, defendants' motion to strike plaintiff's exhibits F, I, & O is granted.

### e) College Catalog & Civil Service Operation Manual; Pl. Exhs. H & M

In opposition to defendants' motion for summary judgment, plaintiff adduced selected

provisions of the Southern Arkansas University Catalog and portions of the Operation of a

Municipal Fire and Police Civil Service System.  (Pl. Exhs. H & M).  These exhibits tend to

show the number of hours required for an Associate of Science Degree in Fire Science

Management, and that the civil service board should post a seniority roster for each department.

*Id*.

Defendants challenge the exhibits because they are not included in any of the categories

of evidence to be considered in a motion for summary judgment.  Fed.R.Civ.P. 56(c).  Plaintiff

does not contend that Exhibits H and M are within the categories specified by Rule 56; rather, he

argues that they should be considered because they would have been introduced if defendants had

produced Tornabene for a deposition.  Yet, there is no indication that plaintiff availed himself of

all reasonable means to ensure Tornabene's deposition.  *See*, discussion, *infra*.

The undersigned also questions the relevancy of these documents.  Exhibit H tends to question Tornabene's qualifications for the position of fire chief.  However, the Louisiana state courts have already determined that Tornabene was eminently qualified for the fire chief position. *Smith v. Ruston Fire and Police Civil Service Bd.*, 939 So.2d 586, 588 (La. App. 2d Cir. 2006). "'[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation.'"  *Koch v. City of Hutchinson*, 814 F.2d 1489, 1494 (10th Cir. 1987) (quoting, *United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 571 (1984)).[7]

Plaintiff's Exhibit M challenges Tornabene's motivation for posting the seniority list. However, the posting of the seniority list itself is not an adverse job action because it is supposed to be posted annually anyway.  (Pl. Exh. M).  What is arguably objectionable, is the posting of the employees' prior suspensions.  Yet, the uncontroverted summary judgment evidence establishes that the suspension data for *all* employees was mistakenly posted by the Secretary for the Ruston Fire Department, JoAnn Barr.  (Affidavit of JoAnn Barr; Def. Exh. 51).[8]  The motion to strike Exhibits H and M is granted.

## II.    <u>Plaintiff's Motion to Strike</u>

Plaintiff seeks to exclude several of defendants' exhibits.  The court resolves the issues as follows,

---

[7] Lewis was also a plaintiff in the *Smith* case.

[8] *See also*, Report and Recommendation addressing defendants' motion for summary judgment

**a) S. Price Barker's Affidavit; Def. Exh. 52**

Plaintiff requests that paragraphs seven and eight of defense counsel's affidavit be stricken.  (Def. Exh. 52 to doc. # 34).[9]  Defendants concede that the statements were an "oversight."  (Def. Opp. Memo.; doc. # 43).  Plaintiff contends that the errors were intentional. However, there is no evidence that defense counsel intentionally misled the court.  Indeed, the erroneous statements were easily refuted by plaintiff's counsel.  Plaintiff's motion to strike paragraphs seven and eight of defense counsel's affidavit is granted.

**b) James M. Henry Report; Def. Exh. 45-3**

The James M. Henry Report is dated November 2, 2005, and is addressed to Mayor Hollingsworth.  (Def. Exh. 45-3).  At the request of George Burnside, James Henry, a registered civil engineer, examined the Lincoln Parish Fire Training Facility for fire damage.  *Id*.  He essentially determined that the burn building needed to be painted with Sherwin Williams "Zinc Clad 5" paint.  *Id*.  The report is referenced in Mayor Hollingsworth's affidavit, and is attached as exhibit three thereto.  (Def. Exh. 45).

Plaintiff contends that the report should be stricken because defendants maliciously withheld the report until they filed the motion for summary judgment.  As previously stated, defense counsel averred that he sent James H. Henry's report to plaintiff's counsel on November 29, 2007.  (Def. Exh. 52).  Supporting evidence indicates that the documents were sent via facsimile to plaintiff's counsel on November 29, 2007, and that plaintiff's counsel received a Federal Express package from defendants on November 30, 2007.  (Def. Exhs. 52-1-3).  In

---

[9]  The statements address discovery requests.  *Id*.

13

contrast, plaintiff's co-counsel, La Koshia Roberts, submitted an affidavit wherein she stated that she reviewed documents received by facsimile and Federal Express from defendants, but did not recall seeing a report from James Henry.  (Affidavit of La Koshia Roberts; Pl. Exh. D attach. to Doc. # 41).  Merely because Ms. Roberts does not recall seeing the documents, however, does not mean that they were not sent.

Plaintiff further trumpets defense counsel's alleged failure to timely produce the report in response to an August 31, 2007, Subpoena and Subpoena Duces Tecum.  (Pl. Exh. B to Doc. # 41).  The subpoena called for reports of expert witnesses whom defendants intended to call as witnesses at trial and for exhibits or documents defendants intended to introduce as evidence at depositions or at trial.  *Id.*  However, there is no indication that the report was introduced at a deposition, and defense counsel unequivocally stated that Henry's report was not an expert report -- especially since Henry is not even listed as a witness.  (Def. Reply to M/Strike, pg. 4).

Plaintiff further contends that the report is unauthenticated.  However, Mayor Hollingsworth averred that he received the report from Henry and that he attached a true and accurate copy of the report to his affidavit.  (Def. Exh. 45); *see*, Fed.R.Evid. 901; *contrast, Duplantis v. Shell Offshore, Inc.*, 948F.2d 187, 192 (letter was not authenticated by affidavit). Certainly, if plaintiff questioned the authenticity of the report, he would not have submitted the document himself in opposition to defendants' motion for summary judgment.  (Pl. Exh. N). Plaintiff's motion to strike the Henry Report is denied.

**c)** **Affidavits of James Tornabene, George Byrnside, JoAnn Barr and Debbie Hightower**

Plaintiff seeks to strike the affidavits of James Tornabene, George Byrnside, JoAnn Barr,

14

and Debbie Hightower because plaintiff was unable to take their depositions.  Plaintiff contends

that defendants "deliberately impeded" plaintiff's efforts to set these depositions.  In response,

defense counsel adduced an October 17, 2007, letter from his legal assistant, Debbie Green,

addressed to counsel for plaintiff's assistant, "Martha," wherein Ms. Green offered eight days in

November to set the remaining depositions in the case.  (Def. Exh. 104, attach. to doc. # 43).

However, the depositions were never set.

Plaintiff now cries foul and contends that his constitutional right to confront witnesses

has been violated.  Yet, if these depositions were so pivotal to plaintiff's case, he had a number

of options available to him during the discovery period.  He could have unilaterally noticed the

depositions; he could have filed a motion to compel; or he could have sought additional time to

conduct discovery.  Instead, plaintiff's counsel eschewed these timely means of securing this

purportedly crucial testimony, and only now to complain that it was all defense counsel's fault.

Plaintiff's motion to strike defendants' affidavits is denied.  *See, Eberle v. Gonzales*, 240 Fed.

Appx. 622 (5th Cir. 2007) (unpubl.).[10]

### d) Letter from Registrar of Southern Arkansas University Tech

Plaintiff seeks to strike a June 16, 2005, letter from Wayne Banks, Registrar, addressed to

Mayor Hollingsworth.  (Def. Exh. 45-2 attach. to doc. # 23).  The letter states that James

Tornabene graduated from Southern Arkansas University Tech on December 14, 2004, with an

Associate of Science degree in Fire Service Management.  *Id*.  Plaintiff contends that the letter

---

[10]  In *Eberle*, the Fifth Circuit found no merit to plaintiff's argument (made in response to
defendant's motion for summary judgment) that he was denied discovery.  *Id*.  The court noted
that all discovery was to be completed prior to the dispositive motion deadline, that plaintiff had
adequate time to complete discovery, and that plaintiff never requested to continue discovery
beyond the deadline.  *Id*.

was not properly authenticated.  However, Mayor Hollingsworth attached the letter as an exhibit to his own affidavit, wherein he averred that it was a true and accurate copy.  (Def. Exh. 45); *see*, Fed.R.Evid. 901.  Moreover, plaintiff submitted the letter himself as evidence in opposition to defendants' motion for summary judgment.  (Pl. Exh. G to doc. # 33).  Plaintiff's motion to strike the letter is denied.

In accordance with the above-assigned findings,

The motion to strike [doc. # 40]  filed by plaintiff, Terry R. Lewis, is **GRANTED IN PART** and **DENIED IN PART**.

The motion to strike [doc. # 34] filed by defendants, the City of Ruston and Mayor Dan Hollingsworth is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of April, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE