RECEIVED
IN MONROE, LA
JUL 7 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TERRY R. LEWIS | CIVIL ACTION NO. 07-0092 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF RUSTON, LOUISIANA, ET AL. | MAG. JUDGE KAREN L. HAYES |

# RULING

This is an employment discrimination case by Plaintiff Terry R. Lewis ("Lewis") against his employer, City of Ruston ("City"), and Dan Hollingsworth ("Hollingsworth) in his official capacity as Mayor of Ruston, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

Before the Court is a Motion for Summary Judgment [Doc. No. 23] filed by Defendants, seeking dismissal of all Lewis's claims. Lewis opposed that motion.

On April 23, 2008, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 63], recommending that the Court dismiss all Lewis's Title VII claims against Hollingsworth. She further recommended that the Court dismiss Lewis's retaliation claims set forth in Charge No. 270-2005-05246 as time-barred and dismiss his remaining retaliation claims for failure to exhaust his administrative remedies. However, she recommended that the Court deny Defendants' Motion for Summary Judgment on Lewis's

1

failure to hire claim.[1]

Lewis and Defendants have filed Objections to the Report and Recommendation [Doc. Nos. 64 & 66]. Having reviewed the entire record in this matter, including those objections, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation of the Magistrate Judge.

As an initial matter, Defendants object to the Magistrate Judge's finding that Hollingsworth's "alleged comment of 'your people' as used in the context of this case is presumptively offensive and thus direct evidence of discrimination sufficient to survive summary judgment." [Doc. No. 64, p. 1]. As Defendants correctly argue, neither of the Section 1981 cases cited by the Magistrate Judge conclude that the very use of the term "your people" raises a legal presumption of discrimination, i.e., an inference to the existence of a given fact until rebutted. *See Alexis v. McDonald's Restaurants of Mass., Inc.*, 67 F.3d 341, 348 (1st Cir. 1995) (When viewed in "context," defendant's statement that "'You people have no rights'" could not "reasonably be presumed so innocent as to preclude a discriminatory animus."); *Estate of Daramola v. Coastal Mart, Inc.*, 170 Fed. Appx. 536, 544, 2006 WL 497549 (10th Cir. Mar. 2, 2006) ("[T]he alleged 'your people' remark, though presumptively offensive, was 'an isolated comment[ ], unrelated to the challenged action' and therefore 'insufficient to show discriminatory animus.'") (quoting *Minshall v. McGraw Hill Broad. Co*, 323 F.3d 1273, 1281 (10th Cir. 2003)). Rather, the Court agrees with Defendants that it appears the Magistrate Judge merely used the term "presumptive" in this case to mean "giving grounds for reasonable opinion or belief." *See* http://www.merriam-webster.com/dictionary/presumptive (last visited June 24,

---

[1] The parties and the Magistrate Judge have referred to Lewis's claim as a failure to "hire." While it would appear that Lewis's claim is a failure to promote, that distinction does not affect the Court's analysis.

2

2008). In fact, the Magistrate Judge used the very words of the Tenth Circuit when she referred to the remark as "presumptively offensive," not presumptively discriminatory. Nevertheless, to clarify, the Court DECLINES TO ADOPT any suggestion by the Magistrate Judge that the mere use of the term "your people" raises a legal presumption of discrimination, but that the term must be reviewed and analyzed in context to determine if it evidences discriminatory animus.

However, the Court rejects Defendants' remaining objections and agrees with and ADOPTS the Magistrate Judge's recommendation that the evidence in the record presents a genuine issue of material fact whether the City's stated reason for failing to promote Lewis was false and pretext for discrimination. Thus, Defendant's Motion for Summary Judgment on Lewis's failure to hire claim is DENIED.

The Court has also considered the objections advanced by Lewis on the Magistrate Judge's recommendation that the Court dismiss his retaliation claims as time-barred or for failure to exhaust administrative remedies.

It is undisputed that a plaintiff must exhaust his administrative remedies prior to filing suit under Title VII, and it is undisputed that Lewis, after supplementation of the record, received Notices of Right to Sue on three EEOC charges: Charge Nos. 270-2005-03445 (discriminatory failure to hire); 270-2005-05246 (retaliation); and 461-2007-00201 (unknown). Finally, it is clear that Lewis's lawsuit was timely filed within ninety (90) days of receipt of the Right to Sue on Charge Nos. 270-2005-03445 and 461-2007-00201, but was untimely filed as to Charge No. 270-2005-05246.

With regard to Lewis's contention that the time for filing his lawsuit should be equitably tolled as to his retaliation claims, the Court finds no support in the relevant Title VII case law, and that argument is rejected.

The Court further finds that under *Gupta v. East Texas State Univ.*, 654 F.2d 411, 413 (5th Cir. 1981), Lewis's claims of retaliation contained in Charge No. 270-2005-05246 would not have grown out of his discriminatory failure to hire claim contained in Charge No. 270-2005-03445.[2] Because they did not grow out of that Charge, Lewis could only proceed with these retaliation claims if he timely filed suit. He did not, and these claims of retaliation, for which a Notice of Right to Sue issued on October 4, 2006, are time-barred. Thus, the Court ADOPTS the Magistrate Judge's recommendation that these retaliation claims be dismissed.

However, it is unclear what claims were presented to the EEOC in Charge No. 461-2007-00201. Whatever claims were presented in that charge to the EEOC have been administratively exhausted because of their presentment. A Notice of Right to Sue properly issued, and Lewis filed suit within ninety (90) days of receipt of that Right to Sue. While the Court, like the Magistrate Judge, is displeased with Lewis's failure to present evidence showing which claims were exhausted when he was told to do so, the Fifth Circuit has indicated that the initial burden of proving failure to exhaust is placed on the party moving for summary judgment.

In *White v. Goodyear Tire*, 96 F.3d 1444, 1996 WL 512054 (5th Cir. Aug. 26, 1996), the Fifth Circuit reversed a district court's grant of summary judgment on the basis that the plaintiff had failed to exhaust his administrative remedies. The Fifth Circuit concluded that the employer had failed to meet its burden through "competent summary judgment evidence that there is no genuine issue of material fact of the issue of exhaustion." *Id.* at *3. Although the employer had submitted the EEOC's entire file pertaining to the plaintiff's claim of disability discrimination under the ADA, the evidence was insufficient to establish that the plaintiff had not filed a charge

---

[2]Because Lewis's retaliation claims did not grow out of his discrimination claim, the Court need not reach and does not adopt the analysis of the Magistrate Judge regarding the continued viability of *Gupta*.

4

of race discrimination with the EEOC. Counsel for the employer stated in its brief that it had "requested and received all the EEOC files pertaining to [the plaintiff,]" but the "Certification of Documents from the EEOC states that it is a 'true and accurate' copy of the file pertaining to Charge Number 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," the ADA claim. *Id.* The Certification did not indicate that this Charge Number was the only file the EEOC had for the plaintiff. The Fifth Circuit also noted that the EEOC's letter to the employer's counsel referred to his request for information related to the specific ADA charge number. Under these circumstances, the Fifth Circuit ruled that the employer failed to establish through competent summary judgment evidence "the absence of a dispute as to whether [the plaintiff] exhausted his administrative remedies." *Id.*

In this case, Defendants did not initially raise Lewis's failure to exhaust his administrative remedies as a basis for summary judgment. The Magistrate Judge, *sua sponte*, raised the issue at a conference with counsel. In response, Defendants supplemented their Motion for Summary Judgment with the affidavit of their counsel, Price Barker. [Exhibit 48]. Barker avers that he submitted two Freedom of Information Act ("FOIA") requests to the EEOC and received responses on March 13 and March 30, 2007. Barker did not attach the FOIA responses because they are "voluminous," but offered to do so at the Court's request. In his affidavit, Barker does not clearly specify whether he requested all files relating to Lewis, or only the files for the two Charges of which he was aware. In a supplemental memorandum accompanying Barker's affidavit, though, he clarifies that "a FOIA request was made to the EEOC on the only charges known to Defendants; [sic] Plaintiff's discrimination and retaliation charges, #270-2005-03445 and #270-2005-05246." [Doc. No. 58, p.5]. Therefore, Barker requested information relating only to the two known charges, rather than information on all EEOC charges filed by Lewis against these Defendants. Based on the evidence before it, the

Court DECLINES TO ADOPT the Magistrate Judge's recommendation that Lewis's remaining retaliation claims be dismissed for failure to exhaust administrative remedies.

While the Court cannot conclude based on the evidence that Lewis failed to exhaust his administrative remedies as to all his retaliation claims, not all of Lewis's retaliation claims survive a substantive analysis. The Court agrees with and ADOPTS the Magistrate Judge's analysis of the merits of all retaliation claims presented by Lewis. Based on that analysis, Lewis can proceed with the claims challenging (1) his removal from the interview committee, (2) the denial of IFSAC re-certification, and (3) the call for a competitive examination for his position. Defendants' Motion for Summary Judgment on these three claims is DENIED.

Nevertheless, the Court does not wish to waste judicial resources hearing claims at trial which may ultimately prove to be untimely. For that reason, the Court invites the City of Ruston to file a second Motion for Summary Judgment on Lewis's three remaining retaliation claims, if it can present competent summary judgment evidence that Lewis failed to exhaust his administrative remedies through the only remaining Charge No. 461-2007-00201 for which it has not made a FOIA request (or at least not presented evidence of such request).

MONROE, LOUISIANA, this 1 day of July, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE