# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **TERRY R. LEWIS** | **CIVIL ACTION NO. 07-0092** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF RUSTON, LOUISIANA, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Motion for Partial Summary Judgment [Doc. No. 79] filed by Defendant City of Ruston ("City") in the above-referenced matter. For the following reasons, the motion is GRANTED.

## I. PROCEDURAL HISTORY

This is an employment discrimination case originally brought by Plaintiff Terry R. Lewis ("Lewis") against his employer, City, and Dan Hollingsworth ("Hollingsworth") in his official capacity as Mayor of Ruston. Lewis alleges that he was subjected to race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

Defendants previously filed a Motion for Summary Judgment [Doc. No. 23], seeking dismissal of all Lewis's claims. Lewis opposed that motion. On June 7, 2008, the Court reviewed the Report and Recommendation of the Magistrate Judge [Doc. No. 63], the objections of the parties, and issued a ruling [Doc. No. 75], granting in part and denying in part Defendants' Motion for Summary Judgment. The Court granted the Motion for Summary Judgment as to

1

Lewis's claims against Hollingsworth and dismissed those claims.  The Court denied the Motion for Summary Judgment as to Lewis's claim against the City for discriminatory failure to hire, and this claim remains pending.  The remainder of Lewis's case was comprised of twelve retaliation claims against the City.  The Court granted the Motion for Summary Judgment as to nine of the retaliation claims, and those claims have been dismissed with prejudice.

The Court denied summary judgment on the remaining three retaliation claims against the City.  Currently pending are Lewis's claims that the City retaliated against him by (1) removing him from an interview committee, (2) denying him the opportunity to attend an International Fire Service Accreditation Congress ("IFSAC") course necessary for re-certification, and (3) calling for a competitive examination for the position he held.

In ruling on the first Motion for Summary Judgment, the Court could not determine, based on the record evidence, whether Lewis had exhausted his administrative remedies on the remaining retaliation claims by filing a charge of discrimination with the EEOC.[1]  The Court concluded that the City was not entitled to summary judgment on these three claims because it failed to meet its burden through "competent summary judgment evidence that there is no genuine issue of material fact of the issue of exhaustion." *White v. Goodyear Tire*, 96 F.3d 1444, 1996 WL 512054, at *3 (5th Cir. Aug. 26, 1996).  However, the Court invited the City to file a second motion for summary judgment if it obtained the appropriate evidence to show that the remaining retaliation claims were not administratively exhausted with the EEOC.[2]

---

[1] Even if Lewis did exhaust his administrative remedies, the Court could not determine whether Lewis timely filed suit following his receipt of a Notice of Right to Sue from the EEOC.

[2] The Court found that these claims, if exhausted, were sufficient on the merits to raise a genuine issue of material fact for trial.

On August 29, 2008, the City filed the Motion for Partial Summary Judgment [Doc. No. 79] now before the Court. The City contends that it has obtained further documentation from the EEOC demonstrating that Lewis failed to exhaust his administrative remedies for two of the remaining retaliation claims. The City moves the Court for summary judgment on Lewis's claims based on (1) his removal from the interview committee and (2) the denial of his IFSAC re-certification.

On September 12, 2008, Lewis filed a memorandum in opposition to the Motion for Partial Summary Judgment. [Doc. No. 83]. With leave of Court, on September 29, 2008, Lewis supplemented his opposition memorandum. [Doc. No. 90].

## II.     PERTINENT FACTS[3]

Lewis corresponded with the EEOC, resulting in the filing of three charges: Nos. 270-2005-03445, 270-2005-05246, and 461-2007-00201.

On June 2, 2005, Lewis signed and verified his first charge, No. 270-2005-03445. Lewis's first charge addresses only his claim of discrimination, not his claims of retaliation. The Court has determined that Lewis administratively exhausted his discrimination claim, timely filed his lawsuit, and has raised genuine issues of material fact for trial.

In addition, Lewis has maintained throughout this litigation that he submitted eight "Charging Party Retaliation Questionnaires" to the EEOC. The questionnaires have handwritten labels identifying them as "1st Retaliation," "2nd Retaliation," "3rd Charge of Retaliation," "4th Retaliation Charge," "5th Retaliation Charge," "6th Retaliation Charge," "#7 Retaliation Charge," and "Retaliation Charge #8." [Doc. No. 57, manual attachments]. Lewis has now

---

[3]The Court's statement of facts is limited to those relevant to the issues of administrative exhaustion and timeliness. A more complete statement of facts is contained in the Magistrate Judge's Report and Recommendation [Doc. No. 63] on the first Motion for Summary Judgment.

submitted to the Court return receipts and tracking numbers for seven mailings to the EEOC, as follows:

| Tracking Number | Date Mailed | Date Received |
|---|---|---|
| 7005 1160 0002 7143 0386 | 11/03/05 | 03/06/06[4] |
| 7005 1820 0005 6460 9395 | 11/07/05 | 03/06/06 |
| 7005 1820 0005 6461 6447 | 11/15/05 | 03/06/06 |
| 7004 2890 0003 7266 8307 | 03/06/06 | 03/22/06 |
| 7006 0100 0004 1174 6384 | 03/29/06 | 04/03/06 |
| 7006 0100 0004 1173 7108 | 05/26/06 | 05/31/06 |
| 7006 0100 0003 6560 2460 | 09/29/06 | 10/04/06 |

Lewis also has an eighth receipt signed by an EEOC representative on April 26, 2006, but does not have the original receipt of mailing in his possession.

On February 28, 2006, Lewis signed and verified his second charge, No. 270-2006-05246, alleging certain acts of retaliation.

On October 4, 2006, the EEOC completed its investigation of the second charge and mailed a Notice of Right to Sue to Lewis.

Also on October 4, 2006, the EEOC received Lewis's third charge, No. 461-2007-00201. All EEOC documentation on this charge is related to Lewis's claim that the City retaliated against him by calling for a competitive examination for the training officer position (a position he held). The EEOC documentation is consistent with Lewis's questionnaire labeled, "Retaliation Charge #8," which addressed only this act of retaliation.

---

[4]Although no explanation has been provided by the EEOC for the delay in its receipt of Lewis's first three mailings, Hurricanes Katrina and Rita, which struck in the fall of 2005, resulted in the interruption of operations at the EEOC office in New Orleans for some time.

Lewis received a Notice of Right to Sue regarding his second charge on October 7, 2006.

On December 1, 2006, the EEOC issued a Notice of Right to Sue to Lewis on his third charge.

On January 18, 2007, Lewis filed this lawsuit.

On March 13, 2007, and March 30, 2007, the City made two requests to the EEOC pursuant to the Freedom of Information Act ("FOIA"). The City received information related to Lewis's first two charges, Nos. 270-2005-03445 and 270-2005-05246.

On July 10, 2008, following the Court's ruling on the City's first Motion for Summary Judgment, the City's counsel, Price Barker, sent a letter to the EEOC requesting "any and all files" regarding Lewis's lawsuit, "including EEOC Charge No. 461-2007-00201." [Exh. 1, Aff. of Price Barker]. On July 17, 2008, the EEOC responded with documentation [Exh. 1-1].

After the documentation was received, Michael Lowe, another attorney for the City, spoke with an EEOC employee by telephone. She then located and forwarded by fax some additional documentation. [Exh. 2, Aff. of Michael Lowe]. The City has provided the Court with the EEOC file on Lewis's charges. [Doc. No. 63, Exhs. 1-1 & 2-1].

The questionnaires Lewis labeled "5th Retaliation Charge," "6th Retaliation Charge," and "#7 Retaliation Charge" are not were contained in any of the EEOC documentation produced pursuant to FOIA.

### III. LAW AND ANALYSIS

Prior to filing a civil action, Title VII plaintiffs must exhaust their administrative remedies by filing a charge of discrimination with the EEOC and receiving a Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1). However, "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the

5

district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court."[5] *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981); *see also Eberle v. Gonzales*, 240 Fed. Appx. 622 (5th Cir. 2007) (quoting same).

Once the EEOC issues a Notice of Right to Sue, a claimant has 90 days from receipt of the Notice to file a Title VII lawsuit. 42 U.S.C. § 2000e-5(f)(1); *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.1982) (citing same). The 90-day limitation period is strictly construed. *See Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985).

In this case, there is no doubt that Lewis attempted to exhaust his administrative remedies before he filed suit against the City. The Court must resolve whether his attempt was successful, and, if he exhausted his administrative remedies, whether he timely filed his lawsuit as to those claims.

### A. Lewis's Retaliation Claim Based on his Removal from the Interview Committee

Lewis has produced a questionnaire labeled, "6th Retaliation Charge," which he contends was mailed to the EEOC and which complains of the City's removal of him from the interview committee. The City moves for summary judgment because there is no evidence that he administratively exhausted the claim and, if the EEOC did investigate this claim, it was part of his now time-barred second retaliation charge.

A review of the questionnaires Lewis maintained reveals that he complained about his

---

[5]The Court has previously concluded that it does not have ancillary jurisdiction over Lewis's retaliation claims based on his properly perfected first charge alleging discrimination. The Court's conclusion in this case is limited to its specific facts.

removal from the interview committee only in the "6th Retaliation Charge." The Court agrees with the City that this sixth questionnaire is not included in the documents produced by the EEOC. The Court also agrees that this specific allegation was not made in the second verified charge.[6] However, the Court is reluctant to find as a matter of law that Lewis failed to exhaust his administrative remedies on this evidence. This Court and all attorneys involved are well aware of the problems faced by state and federal agencies affected by Hurricanes Katrina and Rita in 2005. It is certainly not incredible that someone at the EEOC received Lewis's sixth questionnaire, but the questionnaire was later lost or misplaced. The fact that the claim was not identified in the second charge adds nothing to the Court's analysis because Lewis verified that charge in February 2006, but his mailing and return receipts show that the sixth questionnaire was received by the EEOC between March and May 2006,[7] after the charge was verified, but before the investigation was complete.

Nevertheless, assuming *arguendo* that Lewis exhausted his administrative remedies (or was excused from doing so under *Gupta*), the City is entitled to summary judgment on this claim. Lewis's own evidence shows that all of his questionnaires, except one, were received by the EEOC between March and May 2006, during the pendency of its ten-month investigation. Even if Lewis's sixth questionnaire was submitted to the EEOC or his claim grew out of the investigation into the second charge, that investigation concluded and a Notice of Right to Sue

---

[6]Neither the EEOC nor Lewis has produced a third verified charge, but, for the reasons discussed, *infra*, the Court finds that this claim would only have been part of the investigation prior to October 4, 2006.

[7]The Court can only assume that Lewis mailed the questionnaires in numerical order and, if so, the sixth questionnaire was received by the EEOC on April 26, 2006.

issued to Lewis on October 4, 2006. Lewis admits that he received the Notice on October 7, 2006.

This Court has previously concluded that Lewis's lawsuit was filed more than ninety days after he received the Notice on his second charge. Thus, to the extent exhausted, Lewis's claim of retaliation based on the City's removal of him from an interview committee is untimely. Accordingly, the City's Motion for Partial Summary Judgment on Lewis's interview committee claim is GRANTED, and this claim is DISMISSED WITH PREJUDICE.

**B.     Lewis's Retaliation Claim Based on the Denial of his IFSAC Re-Certification**

The City also moves for summary judgment on Lewis's claim that the City retaliated against him by denying him the opportunity to obtain his IFSAC re-certification. Unlike his interview committee claim, this claim is not discussed or mentioned in Lewis's questionnaires or any EEOC documentation.

Further, this claim cannot be found to have arisen out of his later-filed third charge, No. 461-2007-00201. All EEOC documentation produced on the third charge relates to Lewis's claim that the City retaliated against him by calling for a competitive examination for the training officer position. The EEOC's file is consistent with Lewis's own questionnaire labeled, "Retaliation Charge #8," which addressed only this claim. According to Lewis's mailing and return receipts, this eighth questionnaire was received by the EEOC on October 4, 2006, the date the EEOC concluded his second charge.

Based on the record, there is no evidence that Lewis's claim regarding his IFSAC re-certification was ever submitted to the EEOC for consideration or arose out of the third EEOC charge. Lewis failed to submit this claim at all, or any investigation into this claim took place

during the pendency of the second charge. In either scenario, Lewis's claim is not properly before the Court. The City's Motion for Partial Summary Judgment on Lewis's IFSAC re-certification claim is GRANTED, and this claim is also DISMISSED WITH PREJUDICE.

## IV. CONCLUSION

For the foregoing reasons, the City's Motion for Partial Summary Judgment [Doc. No. 79] is GRANTED, and Lewis's retaliation claims based on (1) his removal from the interview committee and (2) the denial of IFSAC re-certification are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 6th day of November, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE