
RECEIVED
IN MONROE, LA
NOV 14 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TERRY R. LEWIS | CIVIL ACTION NO. 07-0092 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF RUSTON, LOUISIANA, ET AL. | MAG. JUDGE KAREN L. HAYES |

# RULING

This is an employment discrimination and retaliation action brought by Plaintiff Terry R. Lewis ("Lewis") against his employer, the City of Ruston ("City"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Lewis, who is African-American, contends that Mayor Dan Hollingsworth ("the Mayor") discriminated against him on the basis of race by selecting another white candidate, James Tornabene ("Tornabene") for the position of Fire Chief. Lewis also contends that the City retaliated against him for filing EEOC charges by calling for a competitive examination for his current position of Training Officer.

Pending before the Court is a Motion in Limine [Doc. No. 67] filed by City in the above-referenced matter seeking to exclude the following from evidence and argument:

a.  Any evidence or testimony regarding Lewis's claim for lost retirement benefits or the calculation thereof;

b.  Inadmissible hearsay statements by Ricky Phillips and Harvey Davis regarding the Mayor's alleged motivation in his decision to appoint Tornabene as Fire Chief;

c.  Evidence or testimony regarding the extension of the fire chief examination application deadline;

1

d. Evidence or testimony as to whether Tornabene was qualified to sit for the fire chief examination;

e. Evidence or testimony as to whether Tornabene is qualified to serve as Fire Chief for the City;

f. Evidence or testimony as to any other actions taken by the Ruston Civil Service Board prior to February 22, 2005, including the extension of the application deadline; and

g. Any evidence or testimony regarding the Mayor's political opinion on affirmative action.

Lewis has filed a Memorandum in Opposition to Defendant's Motion in Limine [Doc. No. 72].

For the following reasons, the City's Motion in Limine is DEFERRED IN PART, GRANTED IN PART, and DENIED IN PART.

## I. LAW AND ANALYSIS

### A. Lewis's Claim for Lost Retirement Benefits

The City moves to exclude any testimony or evidence related to Lewis's claim for retirement benefits or the calculations of those benefits. The City contends that Lewis cannot present evidence relating to this claim because he must demonstrate the difference between the amount of retirement benefits he will receive after he retires from his current position as Training Officer compared to the amount he would have received if he had been appointed Fire Chief. Lewis has not identified (1) an exhibit reflecting the difference, (2) a fact witness from the Louisiana Firefighters' Retirement System to explain the calculation of benefits, and/or (3) an expert witness.

In response, Lewis argues that he has listed Pat Cargill ("Cargill") as a witness in this case, and she is qualified to give a lay opinion on his claim for benefits. Cargill is the Personnel

Director for the City and has served in that position since 2002. [Doc. No. 58, Attachment #1]. Lewis further argues that the documents in his possession supporting this claim were supplied by the City.

Lay persons may testify "in the form of opinions or inferences" which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

None of the cases cited by the City require that an expert testify about lost retirement benefits. *See, e.g., Mock v. Bell Helicopter Textron, Inc.*, No. 6:04-cv-1415-Or-28DAB, 2007 WL 2774230, *6 (M.D. Fla. Sept. 24, 2007) (Court refused to award lost retirement benefits where plaintiff failed to include retirement benefits as an element of damages in the Pretrial Statement, and, at trial, "did not present an expert **or other witness** to quantify lost retirement benefits.") (emphasis added). Cargill, as Personnel Director, may have the factual knowledge to testify about retirement benefits available to Lewis as a Training Officer and the retirement benefits available to a fire chief. If so, she will be permitted to do so. However, the Court cannot make a determination at this time whether Lewis will be able to lay the foundation necessary to offer Cargill's testimony to support his claim for retirement benefits.

Further, Lewis has not identified the "documents in his possession" supporting his claim, so it is unclear to the Court what, if any, exhibits support this claim. Lewis has identified exhibits purporting to show his taxable wages and W-2s and those for Tornabene, but the Court would not expect these documents to quantify the difference in the retirement benefits. The Court could discern no other exhibits that, on their face, would pertain to Lewis's loss of retirement benefits claim.

Nevertheless, Lewis might be able to support his claim for lost retirement benefits through Cargill's testimony, even without a specific exhibit detailing the amount of the benefits. For this reason, the City's Motion in Limine regarding lost retirement benefits is DEFERRED until trial.

### B. Statements by Ricky Phillips and Harvey Davis

The City moves to exclude Ricky Phillips ("Phillips") and Harvey Davis ("Davis") from testifying about certain statements made by the Mayor (1) that there would be no "black, woman, or union member" hired as Fire Chief, (2) that he was not going to have his town "turned into another Richwood," and (3) that Lewis was not selected for Fire Chief because he is black.

Lewis responds that Phillips' and Davis's testimony at trial will consist of information known personally to them.

Magistrate Judge Hayes previously granted in part a Motion to Strike filed by the City. In that ruling [Doc. No. 62], Magistrate Judge Hayes found that Lewis had failed to establish that Davis and Phillips had personal knowledge to support the first two statements. She also found that the third statement was conclusory. She ordered all three statements stricken.

At trial, Phillips and Davis will be permitted to testify to statements allegedly made by the Mayor only if they personally heard the statements, or the facts are such that the statements are otherwise admissible under the Federal Rules of Evidence. Likewise, any opinion about the City's failure to hire Lewis for Fire Chief must be based on personal knowledge, which was not present on the face of their affidavits, but could be present in their testimony at trial.

The Court, therefore, DEFERS ruling on the City's Motion in Limine regarding the testimony of Phillips and Davis. Lewis's counsel are cautioned that they should lay the proper foundation prior to eliciting any statements from Phillips and Davis.

## C. Testimony and Evidence Regarding Matters Litigated by Lewis before the Ruston Civil Service Board

The City also moves to exclude from evidence any matters regarding the hiring process prior to February 22, 2005, the date the Ruston Civil Service Board ("the Board") issued a list of qualified candidates from which the Mayor could select the Fire Chief. In particular, the City moves to exclude any evidence of (1) the extension of the fire chief examination application deadline, (2) Tornabene's qualifications to sit for the fire chief examination, and (3) Tornabene's qualifications for Fire Chief of the City.

The City moves to exclude evidence of the proceedings before the Board on two bases. First, the City contends that the Board's actions are irrelevant to these proceedings. The Board is charged with determining whether applicants meet the minimum requirement for a job and are qualified to sit for a civil service examination. The City argues that the actions taken by the Board, a non-party, are irrelevant to whether the Mayor's hiring decision was motivated by racial animus.

Second, although not specifically referring to the concepts of issue preclusion and claim preclusion, the City contends that any issues regarding the Board's actions were previously litigated in a state court action in which Lewis was a plaintiff. Accordingly, the City argues that these matters should be excluded from trial.

In his opposition memorandum, Lewis does not address the City's first argument. In response to the second argument, Lewis contends that the district and appellate courts' rulings were based on erroneous information.

The Court disagrees. Prior to filing this lawsuit, Lewis and two other citizens of Ruston contested Tornabene's appointment through a Writ of Mandamus filed against the Board in the

5

Third Judicial District Court, Parish of Lincoln, State of Louisiana. The district court ruled that "no provision of the law prohibits the Board from extending the deadline for the taking of applications" and that "Tornabene's application received before the new deadline of December 6, 2004, was timely." [Doc. No. 23, Attachment #4[1], October 27, 2005 Reasons for Judgment in *Smith v. Ruston Fire & Police Civil Serv. Bd.*, 50,717, Third Judicial District Court, Parish of Lincoln ("*Reasons for Judgment*")]. The district court found that, at the time Tornabene took the fire chief examination, he met all requirements. *Reasons for Judgment*, p.8. In so ruling, the district court expressly found that La. Rev. Stat. 33:2493(B)(D) requires that an applicant meet the minimum requirements before admission to the examination, not when the application to take the examination is submitted. *Reasons for Judgment*, p.8. Although Tornabene did not have an associate's degree at the time he applied to take the fire chief examination, on December 6, 2004, he possessed the degree when he sat for the examination on January 27, 2005.[2] *Reasons for Judgment*, p.8. The district court ultimately concluded that Tornabene met the qualifications to serve as Fire Chief. *Reasons for Judgment*, p.8.

On appeal, the Second Circuit Court of Appeals affirmed the district court and stated that "Chief Tornabene is eminently qualified to be the Fire Chief of Ruston Louisiana." *Smith v. Ruston Fire and Police Civil Serv. Bd.*, 639 So.2d 586 (La. App. 2 Cir. 2006).

Although this is technically a case of non-mutual collateral estoppel or issue preclusion, the Court finds that considerations favor the application of that principle because Lewis was a

---

[1]The rulings of the district and appellate courts in *Smith* are labeled "Lewis 1," but the Court refers to the attachment number in the electronic filing system.

[2]Tornabene completed his course requirements on August 5, 2004, but did not receive his degree until December 14, 2005. [Doc. No. 23, Attachment #4, Reasons for Judgment, p. 8.].

6

party to the original district court action, and he has already had the opportunity to challenge the actions of the Board. He should not be permitted to re-litigate these issues "merely by 'switching adversaries.'" *Robin Singh Educ. Serv. Inc. v. Excel Test Prep Inc.*, 274 Fed. Appx. 399, 2008 WL 1746993, at *4 n.5 (5th Cir. April 16, 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979) (other citations omitted)). Although the considerations in a Title VII action are certainly different from those in a Writ of Mandamus proceeding, in each case, Lewis has sought to challenge the propriety of the Board's decision.

Further, in this case, as also argued by the City, the Board's actions are irrelevant. The Board is not a party to the suit nor has Lewis presented any evidence that the Board acted as the "cat's paw" for the Mayor's discriminatory intent. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000).

Under these circumstances, the Court will not permit Lewis to re-litigate the issues of (1) the Board's extension of the fire chief examination application deadline, (2) Tornabene's qualifications to sit for the fire chief examination, (3) Tornabene's qualifications for Fire Chief of the City, and (4) any other actions of the Board prior to February 22, 2005. To this extent, the City's Motion in Limine is GRANTED.

However, Lewis is permitted to present evidence and testimony on the circumstances leading up to the selection of the Fire Chief as relevant background and history in this matter, including the actions by the Board. He is also permitted to present any evidence or testimony of the Mayor's communications to or actions toward the Board to show the Mayor's discriminatory intent if he can establish a foundation.

## D. The Mayor's Opinion on Affirmative Action.

The City moves to exclude from evidence testimony regarding the Mayor's opinion on affirmative action. In an affidavit to the Court, the Mayor stated that he views affirmative action as racial preference rather than racial equality as required by law, but supports equal opportunity in employment.

In response, Lewis argues that the Mayor's views on affirmative action are relevant to whether his hiring decision was motivated by racial animus.

Title VII is an equal opportunity statute, which generally precludes consideration of race in employment-related decisions. *See Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994) (citing 42 U.S.C. § 2000e-2). Under an affirmative action plan, on the other hand, an employer expressly considers race, at least as a factor, in making its employment decisions. While affirmative action plans or programs may be consistent with the goals of Title VII, such plans or programs are subjected to scrutiny, not only under Title VII, but also under the Equal Protection Clause of the Fourteenth Amendment. *See Dallas Fire Fighters Ass'n v. City of Dallas, Tex.*, 150 F.3d 438 (5th Cir. 1998).

Lewis contends that the Mayor's stance against affirmative action plans is relevant because his opinion on affirmative action evidences his racial animus. The Court disagrees. The Mayor's comments are neither expressly nor impliedly racist in nature. Rather, he has expressed an opinion against racial preference, and such an opinion is irrelevant to the issue of intentional racial discrimination. *See* FED. R. EVID. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

The City's Motion in Limine is GRANTED as to the Mayor's opinion on affirmative action programs.

## IV. CONCLUSION

For the foregoing reasons, the City's Motion in Limine [Doc. No. 67] is DEFERRED IN PART, GRANTED IN PART and DENIED IN PART. The Motion is DEFERRED as to evidence and testimony regarding Lewis's claim for lost retirement benefits and the alleged hearsay statements of Phillips and Davis.

The Motion is GRANTED as to evidence and testimony regarding the actions of the Board and the Mayor's opinion on affirmative action programs. Lewis will not be permitted to present evidence or testimony on these issues, except as set forth in the Ruling.

The Motion is otherwise DENIED.

MONROE, LOUISIANA, this 14th day of November, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE